UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **FREDERICK CHAFFOULD** | : | **DOCKET NO. 3:22-cv-03477** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO., ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment on the Issue of No Policy filed by defendants State Farm Fire & Casualty Co. and State Farm General Insurance Co. ("Defendants"). Doc. 10. Pro se plaintiff has not opposed the motion. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the following reasons, it is **RECOMMENDED** that the Motion for Summary Judgment [doc. 10] be **GRANTED** and that this matter be **DISMISSED WITH PREJUDICE.**

I.
BACKGROUND

The firm McClenny Moseley & Associates, PLLC ("MMA") filed this suit on plaintiff's behalf, alleging that plaintiff's property was damaged in 2020 by Hurricanes Laura and Delta and that defendants provided a policy of insurance covering that damage. Doc. 1. In this and 77 other similarly situated suits, defendants Dover Bay Specialty Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company filed a single motion alleging that

- 1 -

summary judgment was warranted in all of the listed cases because the insurer defendants had never issued a policy of insurance to any of the named plaintiffs.[1]  Doc. 10.

Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order").  Doc. 21.  The Termination Order ordered plaintiff to, on or before July 7, 2023, file a response to defendants' motion for summary judgment. *Id.* Plaintiff timely filed his response [doc. 22], to which he attached a declarations page for a policy issued by State Farm Fire & Casualty Company with a policy period extending from February 7, 2020, to February 7, 2021. Doc. 22, att. 2.

On reply, defendants explained that while plaintiff has had homeowner's insurance with State Farm since 2006, he cancelled his policy, and the cancellation was effective as of June 28, 2020. Doc. 23.  In support of this claim, defendants attached the affidavit of a Production Manager employed at the State Farm Agency where plaintiff cancelled his policy as well as the supporting documents that were attached to the affidavit. Doc. 23, atts. 1–4.  Because this new information was raised on reply, the court afforded plaintiff an opportunity to respond. Doc. 24.  The court warned plaintiff his failure to file a response would lead the court to "assume he has no information to controvert defendants' additional evidence." *Id.*

---

[1] Movant Dover Bay Specialty Insurance Company is not a party to this suit, and named defendant State Farm Mutual Automobile Insurance Co. is not listed as a movant on the motion for summary judgment.  The motion is supported, however, by affidavit evidence pertaining to all four State Farm affiliates, including non-movant State Farm Mutual Automobile Insurance Co.  Doc. 10, att. 4.

## II.
### ANALYSIS

#### A. Defendants' Motion

In support of their motion for summary judgment, defendants attach the affidavit of Lisa Michele Deen, Claim Team Manager for all defendants, who states under oath that she has searched the records of all named defendants and none of them had a homeowner's policy in effect for plaintiff or the property that is the subject of this lawsuit. Doc. 10, att. 4. Defendants also present the affidavit of Chaise Sanders, Production Manager at Kim Duke State Farm Agency, who states under oath that she is personally familiar with plaintiff as he was a client of Kim Duke State Farm Agency. Doc. 23, att. 1. Chaise Sanders further attests that plaintiff verbally requested to cancel his insurance policies in May 2020 and confirmed in writing in July 2020 that he wanted to cancel his homeowner's policy. *Id.* Additionally, Chaise Sanders states a search of the State Farm system confirmed no agency wrote a State Farm homeowner's policy for plaintiff after June 2020. *Id.* Accordingly, defendants request that the court issue summary judgment dismissing all claims against them.

Defendant State Farm Mutual Automobile Insurance Co. is not listed as a movant on the motion for summary judgment. The motion is supported, however, by affidavit evidence pertaining to all four State Farm affiliates, including non-movant State Farm Mutual Automobile Insurance Co. Doc. 10, att. 4. The motion will be treated as pertaining to all claims against all defendants herein.

#### B. Summary Judgment Standard

A court shall grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment is initially responsible for

identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).  The moving party can meet its summary judgment burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

If the movant makes this showing, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986) (quotations omitted).  "[A] plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of its pleadings." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984).  Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990).  The court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

### C. Summary Judgment Where Plaintiff has Produced no Effective Policy of Insurance

"The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment." *Dixon v. Direct Gen. Ins. Co. of Louisiana*, 2008-0907 (La. App. 1 Cir. 3/27/09), 12 So. 3d 357, 360.  "A plaintiff suing on an insurance contract has the burden of establishing the existence of the policy . . . and its terms and provisions." *Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 610 (M.D. La. 2016) (alteration in original).

Plaintiff is unrepresented, so the court assesses this summary judgment motion with special care.  Summary judgment may not be appropriate in all circumstances when plaintiff cannot meet

the initial burden of proving the existence of a contract of insurance that was effective at the time of loss. Louisiana law allows for the possibility that a contract could be "destroyed, lost, or stolen[,]" and proved by alternate means. La. Civ. Code art. 1832. And summary judgment on the existence of an insurance policy could be premature in the context of complex litigation where the coverage provided by known policies is the subject of debate. *See, e.g.*, *Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 610–11 (M.D. La. 2016) (denying insurer's motion for summary judgment as premature where employee plaintiff referenced no policy and insurer attested that it had not issued a policy covering the plant, but plant owner sought more time for discovery on the issue of coverage).

The simplicity of the coverage issue here, however, convinces the court summary judgment is appropriate in this case because there is no indication that these defendants issued a policy of insurance that was effective when Hurricanes Laura and Delta made landfall. Via affidavit, defendants have borne the initial burden of showing they issued no policy of insurance covering this plaintiff or property at the time of these hurricanes. Though plaintiff sought to show a genuine issue of material fact exists on that issue by producing a declarations page, defendants rebutted this showing through another affidavit indicating plaintiff chose to cancel the very policy he presented as evidence of coverage. Doc. 23, att. 1. The cancellation was effective June 28, 2020, and acknowledged by State Farm in a letter to plaintiff dated August 7, 2020. Doc. 23, att. 4.

The court has provided plaintiff ample opportunity to respond to defendants' cancellation claims or argue why defendants could be liable for the damages described in the complaint. The court cautioned plaintiff that his failure to respond would lead the court to assume he could not controvert defendants' additional evidence. Doc. 24. Having failed to respond to the reply and to present evidence to the court in contravention thereof, plaintiff has failed to "set forth specific facts

showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986) (quotation marks omitted).  The undersigned therefore recommends defendants' motion for summary judgment be granted.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 10] be **GRANTED,** and that this matter and all of plaintiff's claims against State Farm Fire & Casualty Co., State Farm General Insurance Co., and State Farm Mutual Automobile Insurance Co. be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of March, 2024.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE